IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANGELO ROSARIO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-8-M |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a *Petition for a Writ of Habeas Corpus by a Person in State Custody* challenging a November 4, 2016 prison disciplinary proceeding wherein he lost 90 days previously accrued good time credits as punishment.[1] [ECF 3]. At the time he filed his habeas application, petitioner was incarcerated at the Clements Unit in Potter County, Texas.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner states he is presently serving a life sentence for a November 30, 1987 second

---

[1] Other punishment petitioner was assessed in the disciplinary proceeding merely constituted changes in the conditions of his confinement and does not implicate the Due Process Clause of the United States Constitution as required for review in a federal habeas corpus proceeding. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

degree murder conviction out of Harris County, Texas. [ECF 3 at 1]. Review of the online Offender Information Detail maintained by the Texas Department of Criminal Justice confirms petitioner was convicted on November 30, 1987 of the offense of murder with a deadly weapon, said offense committed January 4, 1987. *State v. Rosario*, No. 479946.

Petitioner's murder conviction and the affirmative deadly weapon finding made in relation thereto do not render petitioner ineligible for mandatory supervised release due to the mandatory supervision statute in effect on the date petitioner committed his offense. However, the nature of petitioner's underlying sentence of life imprisonment makes petitioner <u>factually ineligible</u> for mandatory supervision because a term of life imprisonment does not have a maximum term or discharge date other than death. Specifically, it is not mathematically possible to calculate the statutory formula because calendar time plus good time earned can never equal the unknown length of the life sentence. *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (citing *Ex parte Franks*, 71 S.W.3d 327 (Tex.Crim.App. 2001). As petitioner will never be released to mandatory supervision due to his life sentence, he is factually <u>not</u> eligible for mandatory supervised release. As petitioner is factually not eligible for release to mandatory supervision because of his life sentence, he is not entitled to any federal habeas corpus relief.

Consequently, for the foregoing reasons, petitioner's habeas application should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner ANGELO ROSARIO be DENIED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 5, 2019.

*(signature)*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).